THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ANTONIO PORTALATÍN, JR., Defendant and Appellant.

No. 6944. Argued July 19, 1938.—Decided July 28, 1938.

*E. Pérez Casalduc* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Antonio Portalatín, Jr., was charged by the District Attorney of Arecibo with the crime of seduction. He entered a plea of not guilty and asked for a jury trial. The jury who tried him returned a verdict of guilty, and the court sentenced him to be confined one year and six months in the penitentiary at hard labor.

Thereupon he appealed. In his brief he assigns five errors claimed to have been committed in sustaining the

challenge for cause against the juror Juan Abráms, in admitting in evidence certain statements of the injured party and of the mother of the defendant through the testimony of the witness Epifanio Dorta, in refusing to instruct the jury to return a verdict of not guilty, and in refusing to give certain instructions requested by the defendant.

We need only examine the second assignment. It is formulated thus:

"The lower court erred in admitting, as it did, the statements made by the alleged injured party to her brother Epifanio Dorta, a month or two after the date on which it is alleged that the supposed offense of seduction occurred."

The prosecuting attorney (*Fiscal*) admits that the error was committed, but contends that it is harmless.

From the record it appears that when Epifanio Dorta, brother of the injured party, was called to testify, he stated that when he learned what had happened between his sister and the defendant, he went to her and asked her about it, and "she said to me that while she was looking for wood a little away from papa's house, she met Antonio Portalatín who had deceived her with talk of marriage." When the statements were made, a month or two had passed since the act was done.

The defendant objected, and the court allowed the testimony to remain in the record.

The rule is so clear that once objection is made, hearsay evidence must not be admitted, and the testimony was so unnecessary, that we fail to understand why the district attorney insisted on, and the court admitted, the evidence in question, since, in view of the time elapsed, it could not possibly be included within the exception covering statements which form part of the *res gestæ*. *People* v. *Calventy,* 34 P.R.R. 375; *People* v. *Arenas,* 39 P.R.R. 14; *People* v. *Blanco,* 40 P.R.R. 122; *People* v. *Alvarez,* 47 P.R.R. 152; *People* v. *Nieves,* 48 P.R.R. 149.

As to whether the error was prejudicial, this court, after a careful consideration of all the surrounding circumstances, finds that the conclusion is unavoidable that the jury could have been influenced in rendering its verdict by the objected testimony.

The judgment must, therefore, be reversed and the cause remanded to the district court in which it originated for a new trial.